OPINION OF THE COURT
E. Leo Milonas, J.
The defendant, along with two other individuals, was indicted on February 24, 1977 for the crimes of conspiracy in the first degree and attempted possession of a controlled substance in the first degree. The second count, however, was dismissed by order of the court on March 8, 1978 as part of its decision on defendant’s omnibus motion. At that time, the court denied the request to controvert an eavesdropping war *615 rant issued in connection with the instant matter. According to the defendant, the warrant of July 25, 1975, as well as its derivatives, was invalid in that the authority contained therein for police officers to enter the specified premises "at any time of the day or night, in secret or by means of a ruse” was overbroad and thus in violation of his Fourth amendment rights and contrary to CPL 700.30 (subd 8). In its decision, the court held that the accused had failed to make any showing that he had the necessary proprietary of possessory interest in the premises, the office of another codefendant in this case, one Julian ("Toby”) Ross, at 8 West 40th Street, such as to provide him with standing to object to the installation of the eavesdropping devices.
The defendant subsequently asked leave to reargue, contending that he did indeed possess the requisite proprietary interest in the premises to give him the standing to challenge the warrant and the entry thereunder. The court granted the motion, and the defendant then submitted supplementary affidavits, stating that in April of 1975, he entered into an agreement with Toby Ross to share the occupancy of suite 512 at 8 West 40th Street. To this end, he purportedly paid Ross $1,000 and received a key to the office, contributing to the operating expenses and, in return, obtaining unrestricted access and use of the premises until late in January of 1976.
The District Attorney, on the other hand, contradicts this version of the facts. It is his contention that an examination of the logs and transcripts of the telephone conversations intercepted over the wiretap between June 10 and July 9, 1975 reveals that defendant placed only three telephone calls from suite 512, twice to contact his office in Brooklyn, and that there is no visible evidence that either defendant or his company, Hemispheric Construction Corporation, conducted any business from the premises. The prosecutor further asserts that under the terms of the lease between Ross and the rental agent for the property at 8 West 40th Street, the rooms in question could not be sublet or used by others without the written consent of the landlord. Since such consent was never requested, Ross could not and did not extend to the accused any possessory interest in the premises. It would, therefore, appear that contrary to defendant’s allegation, he does not have the standing to raise the claim of allegedly illegal entry. In any event, even had defendant demonstrated the proper standing, the motion to controvert would still have to be *616 denied in that the warrant at issue here was, in the opinion of the court, entirely valid.
CPL 700.30 (subd 8) provides that an eavesdropping warrant must contain an "express authorization to make secret entry upon a private place or premises to install an eavesdropping device, if such entry is necessary to execute the warrant.” The defendant argues that in view of this statute, New York law is more restrictive than that of its Federal counterpart, section 2518 of title 18 of the United States Code, which has no such requirement and that, therefore, United States v Scafidi (564 F2d 633) is inapplicable to the present situation. In Scañdi, the court held that when an order for the installation of a device in particular premises has been issued upon adequate probable cause, a separate order authorizing entry for installation purposes is not mandated. The defendant believes that it is, rather, the rationale of United States v Ford (553 F2d 146) which this court should follow.
The warrant under dispute in Ford concerned permission for the members of the Metropolitan Police Department to enter and re-enter the premises in question. It stated that: "Entry and re-entry may be accomplished in any manner, including, but not limited to, breaking and entering or other surreptitious entry, or entry and re-entry by ruse and strategem.” This order, the court concluded, was a violation of the Fourth Amendment in that it was excessivley broad and unsupported by probable cause. According to the court, the reviewing Judge was under a duty to determine whether the showing of probable cause was sufficient to justify the scope of the intrustion. However, what was involved in this case was multiple entries when there had been no demonstrated need for more than a single incursion. The court did not decide that surreptitious entries without express authorization are per se unreasonable, merely that the warrant before it was defective for allowing any number and manner of intrusions without any necessity for such extensive authority.
In fact, prior to Ford, there was apparently little question about whether a separate warrant for entry was necessary, the assumption being that eavesdropping orders, to be effective, implied approval for such reasonable incursion as required to effectuate the object of the surveillance. As the court declared in United States v Scafidi (564 F2d 633, 640, supra): "If the instrumentality to be used is a 'bug’, the placing of such a bug must of necessity be in the hands of the persons so *617 authorized. And such placing will have to be surreptitious, for no self-respecting police officer would openly seek permission from the person to be surveilled to install a ’bug’ to intercept his conversations.”
There is clearly a need to reconcile the needs of law enforcement with the right to privacy, and, therefore, any intrusions into an individual’s home or business must be scrupulously scrutinized. Certainly, the manner in which a warrant is executed is always subject to judicial examination. In the instant situation, however, there is no assertion that the police acted improperly in implanting the electronic devices, simply that the order did not, on its face, conform to the mandates of the Fourth Amendment and CPL 700.30 (subd 8). This court disagrees. The warrant here did contain express authorization for secret entry. Nothing in the statute provides that such authorization must state with particularity the time, place and precise manner of such entry. The court similarly perceives no constitutional requirement that the eavesdropping order include a provision specifically describing how and when the installation must be undertaken. Consequently, the defendant’s motion is denied.